**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

BALBIR PALLIAN, JASVINDER
PALLIAN AND KULDIP PALLIAN,

                    Plaintiffs,

        -vs-

METLIFE BANK, NATIONAL
ASSOCIATION; FEDERAL HOME LOAN
MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; AND
"JOHN DOE" 1-5 and, "JANE DOE" 1-5 the
last ten names being fictitious, said parties
intended being undisclosed, unnamed and
unknown investors, participants, corporate or
other entities, conduits, trustees, servicers,
custodians and others, if any, having or
claiming an interest in, or lien upon the
premises described in the complaint,

                 Defendants.

METLIFE HOME LOANS, a division of
METLIFE BANK, N.A.  and FEDERAL
HOME LOAN MORTGAGE
CORPORATION,

              Third Party Plaintiffs,

        -vs-

STEWART TITLE INSURANCE
COMPANY,

             Third Party Defendant.

Civil Action No. 12-cv-04639-BMC

**THIRD PARTY COMPLAINT
AGAINST STEWART TITLE
INSURANCE COMPANY**

COME NOW, Third Party Plaintiffs MetLife Home Loans, a division of MetLife Bank,

N.A., improperly named by Plaintiffs as "MetLife Bank, National Association" ("MetLife

Bank") and Federal Home Loan Mortgage Corporation ("Freddie Mac," and collectively with

MetLife Bank, "Insureds"), for its Third Party Complaint against STEWART TITLE

GUARANTY COMPANY ("STIC"), states:

## THE PARTIES

1.      MetLife Bank, a national bank existing pursuant to the laws of the United States

of America, is a citizen of the State of New Jersey as it maintains its main office in Bridgewater,

New Jersey.

2.      Freddie Mac is a governmental sponsored enterprise and federally chartered

corporation, with its principal place of business located in McLean, Virginia.

3.      Defendant STIC  is a Texas corporation with its principal place of business

located at 1980 Post Oak Blvd # 800, Houston, Texas.

4.      MetLife Bank is the servicer of the loan described herein and Freddie Mac is the

investor on the loan.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by virtue

of complete diversity of citizenship and because the amount in controversy exceeds Seventy-Five

Thousand Dollars ($75,000), exclusive of interest and costs.

6.      Jurisdiction over this action is also proper pursuant to 12 U.S.C. § 1452(f) and 28

U.S.C. §§ 1332(a) and 1367.  Any action in which Freddie Mac is a party "shall be deemed to

arise under the laws of the United States, and the district courts of the United States shall have

original jurisdiction of all such actions, without regard to amount or value."  12 U.S.C. § 1452(f).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to the claims stated in this Complaint

occurred in this district.

2

**BACKGROUND**

8.      On or about August 6, 2012, Balbir Pallian, Jasvinder Pallian and Kuldip Pallian (the "Plaintiffs") filed the present action in the Supreme Court of the State of New York, naming as defendants, MetLife Bank, Freddie Mac and Mortgage Electronic Registration Systems, Inc. ("MERS") (and collectively with MetLife Bank and Freddie Mac, the "Defendants").

9.      On or about September 17, 2012, Defendants removed the action to this Court.

10.     On September 24, 2012, Defendants filed their Answer and Affirmative Defenses.

11.     On January 14, 2013, Plaintiffs filed their Amended Complaint.

12.     On or about January 22, 2013, Defendants filed their Answer to Amended Complaint with Counterclaims Against Plaintiffs.

13.     MetLife Bank and Freddie Mac now file this Third Party Complaint against Third Party Defendant STIC.

14.     The claims against STIC arise out of its wrongful denial of coverage under a certain title insurance policy insuring MetLife Bank's Mortgage on the subject property.  The declaratory judgment claim against STIC seeks a determination as to whether STIC was required to  respond to a claim made by MetLife Bank upon being notified of the lawsuit filed by Plaintiffs seeking to invalidate Metlife Bank's insured first priority mortgage against the residential property located at 114-08 107th Avenue, Richmond Hill, New York (the "Property").  This action is also for breach of contract against STIC for its wrongful denial and investigation of a claim made by MetLife Bank, and for reimbursement of its fees and costs incurred in the present case, having been put in a defensive position by Plaintiffs.

DM1\3696255.1

**RELEVANT FACTS**

15.     On August 9, 2002, Narendra Datnarain and Devika Datnarain sold the Property to plaintiffs Balbir Pallian and Kuldip Pallian.

16.     Plaintiffs Balbir Pallian and Kuldip Pallian financed the purchase of the Property by way of a mortgage loan obtained from Washington Mutual Bank, FA (the "WaMu Mortgage") in the amount of $351,000.

17.     On June 1, 2005, plaintiffs Balbir Pallian and Kuldip Pallian deeded the Property to Balbir Pallian and Jasvinder Pallian.

18.     On June 1, 2005, plaintiffs Balbir Pallian and Jasvinder Pallian entered into a Consolidation, Extension, and Modification Agreement (the "CEMA") with HSBC Mortgage Loan Corporation (USA) ("HSBC"), by which HSBC became the assignee of the WaMu Mortgage.  The Modification Agreement included a mortgage of the Property from plaintiffs Balbir Pallian and Jasvinder Pallian to HSBC in the amount of $356,000.

19.     On June 1, 2005, to evidence the assignment of the WaMu Mortgage to HSBC, WaMu executed an Assignment of Mortgage to HSBC.

20.     On May 14, 2008, plaintiffs Balbir Pallian and Jasvinder Pallian deeded the Property from themselves to plaintiffs Balbir Pallian, Jasvinder Pallian and Kuldip Pallian.

21.     Thereafter, Balbir Pallian approached NJK Professional Equities, Inc. ("NJK"), who are mortgage brokers located in South Ozone Park, New York, for the purpose of refinancing the HSBC CEMA.

22.     In conjunction therewith, NJK secured for Balbir Pallian a loan from MetLife Bank.

23.     NJK also ordered and received a Certificate of Title by STIC (the "Certificate of Title"), by which STIC agreed that upon the completion of certain conditions to the satisfaction

4

of STIC or its authorized issuing agent, Empire Land Services Corp. of Ozone Park, New York ("Empire") it would issue to MetLife Bank, it successor and assigns a title insurance policy.   A true and correct copy of the Certificate of Title is attached hereto as Exhibit "A".

24.     On March 9, 2009, Balbir Pallian entered into a loan transaction with MetLife Bank, by which MetLife Bank lent to Balbir Pallian the sum of $420,000 (the "Loan").  The Loan was evidenced by a Note signed by Balbir Pallian, and intended to be secured by a Mortgage against the Property.

25.     Empire undertook the duty to file the Mortgage which was signed at the time of March 9, 2009 closing.

26.     The Loan funded, and the proceeds of the Loan were disbursed on or about March 13, 2009.

27.     In conjunction with the funding the Loan, Empire, on behalf of STIC, issued to MetLife Bank and its successors and assigns its standard ALTA Loan Policy, designated Policy Serial Number M-8912-000818121 (the "Policy"), which indicated that the conditions to the issuance of the Policy were completed to the satisfaction of STIC.  A true and correct copy of the Policy is attached hereto as Exhibit "B".

28.     In Schedule A to the Policy, the insured interest is described as: "(i) title to the estate or interest in the land vested in: Balbir Singh Pallian; and (ii) the insured mortgage and assignments thereto, if any, described as follows: Mortgage made by Balbir Sigh Pallian to the Insured in the amount of $420,000 dated 03/09/2009 to be recorded in the Queens County Clerk's Office."

29.     However, at the time the Policy was issued, Balbir Singh Pallian was not vested in the Property as the *sole* owner.  Rather, Schedule A provides that title to the Property is vested in

5

each of Balbir Singh Pallian, Jasvinder K. Pallian and Kuldip Singh Pallian.  In addition, at the

time the Policy was issued, the Mortgage was not filed in the Queens County Clerk's Office.

       30.      The Policy provides, without meaningful qualification, that the Insureds were

insured against loss or damage, sustained or incurred by the insured by reason of, *inter alia*,

1.     Title being vested other than as stated in Schedule A.

2.     Any defect in or lien or encumbrances to the Title.  This Covered Risk includes but is not limited to insurance against loss from (a) A defect in the Title caused by. . . (ii) failure of any person or Entity not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered; . . .

3.     Unmarketability of the title;

          *     *     *

6.     The invalidity or unenforceability of the lien of the Insured Mortgage upon the Title.  This Covered Risk includes but is not limited to insurance against loss from any of the following impair the lien of the Insured Mortgage. . . (b) failure of any person or Entity to have authorized a transfer or conveyance; (c) the Insured Mortgage not being not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered; . . . (f) a document not properly filed, recorded, or indexed in the Public Records including failure to perform those acts by electronic means authorized by law;

          *     *     *

The Company will also pay the cost, attorneys' fees, and expenses incurred in defense of any matter insured against by this Policy, but only to the extent provided in the Conditions.

       31.      On or about August 6, 2012, Balbir Pallian, Jasvinder Pallian and Kuldip Pallian

filed the present action, in which they seek to invalidate and strike the Mortgage, *inter alia,* on

the basis that: (i) only Balbir Pallian signed the Mortgage, and not the other owners of the

Property, Jasvinder Pallian and Kuldip Pallian; (ii) the Mortgage is invalid because it was filed

against the Property without the permission of all three owners of the Property; (iii) the

6

Mortgage was not signed in the presence of a notary; and (iv) the Mortgage improperly identifies MERS as the "mortgagee."

32.     Because (i) the title to the Property is not consistent with Schedule A to the Policy, which described the vested interest in the Property to Balbir Pallian alone, (ii)  the signing of the Mortgage by one of the three owners makes the Mortgage unmarketable and possibly defective; and (iii) Insureds were placed in a defensive position as a result of the filed Complaint which seeks to invalidate the insured Mortgage, on October 8, 2012, Insureds made a claim to STIC for payment of its loss, or for STIC to take such other action as required under the Policy.  A true and correct copy of the Claims Letter (exhibits omitted) is attached hereto as Exhibit "C".

33.     STIC acknowledged the claim on October 10, 2012, but failed to provide a coverage determination until January 18, 2013, which is more than three months later.  A true and correct copy of the October 10, 2012 letter is attached hereto as Exhibit "D", and a true and correct copy of the January 18, 2013 letter is attached hereto as Exhibit "E".

34.     In its coverage letter, STIC admits that the claims fall within the "Covered Risks" under the Policy, but that it was of the view that the claims falls with the Exclusions of the Policy, and specifically, Exclusion 3 and 5 of the Policy.

35.     Specifically, STIC claims that the "the genesis for plaintiff's [sic] present challenge to the validity of the insured's mortgage are all the result of, and are based on, the acts and conduct of the insured itself and/or its closing agent rather than a latent or pre-existing title defect."

36.     Specifically, STIC claims that the claim arose from the failure of its closing attorney, Jay Sharma, Esquire, to obtain the signature of all three owners of the Property on the

Mortgage, when it was clearly disclosed on the Title Commitment that the interest in the title was vested in all three Plaintiffs and not just Balbir Pallian alone.

37.     However, the Policy was issued with STIC's knowledge of the identified title defect, and STIC accepted the risk that the title would be vested otherwise than as insured.

38.     Indeed, although Schedule A of the Title Commitment identified the interest to be vested in "Balbir Singh Pallian, Jasvinder K. Pallian and Kuldip Singh Pallian," the Policy revised its Schedule A to insure the vested interest in Balbir Singh Pallian alone.

39.     Accordingly, STIC undertook the obligation to insure the Mortgage and issued the Policy with full knowledge of the potential defect in the Mortgage document.

40.     Moreover, the letter sets forth the results of STIC's investigation, which contains a number of incorrect or misleading facts, generated for the sole purpose of providing purported support for the denial, when none exists.  For example, at the time of the closing, Mr. Sharma did not maintain an office in the "same building as the policy issuing office, but on a different floor," as stated in the letter.

41.     Worse, in conducting its investigation, STIC relied only upon the facts provided by its issuing agent, without having contacted anyone involved with the transaction, including Plaintiffs and Mr. Sharma.  This is demonstrative of bad faith because the relationship as between STIC and Empire is one of bias, as Empire is responsible under its Agency Agreement to reimburse STIC for any claims of the nature of those made by Insureds.

42.     Had STIC conducted a full and complete investigation of the claim made by Insureds, it would have concluded that the Policy responds to the claim, and was required to pay Insured for its Loss or to take such other action required to cure the title defect.

**AS FOR ITS FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT, METLIFE BANK AND FREDDIE MAC ALLEGE AS FOLLOWS:**

43.     Insureds incorporate by reference its allegations above as though more fully set forth herein at length.

44.     STIC has improperly and in violation of the Policy failed to acknowledge, accept, or undertake its responsibilities under the Policy and to respond timely to Insureds' claim by paying their loss or by taking such other action as required by the Policy.

45.     STIC's failure to acknowledge and accept its responsibilities under the Policy is a violation of the coverage provided thereby.

46.     There exists an actual and justifiable controversy between Insureds and STIC regarding coverage under the Policy and STIC's obligations under the Policy.

47.     There also exists an actual and justifiable controversy in regard to whether STIC has waived its right to deny coverage based upon its inadequate investigation and for failing to act in good faith towards its insured and otherwise putting its own interest ahead of that of Insureds.

48.     Accordingly, Insureds seek an order: (1) that Insureds' loss is covered under the Policy; (2) that Insureds are entitled to reimbursement for all attorney's fees and costs relating to the defense, investigation, and prosecution of the present case, and those matters related to this litigation and claims; (3) that STIC is required to remove any defects on Insureds' title interest, cure the claims of unmarketable title, and to otherwise establish Insureds' position as a first priority lien holder on the Subject Property; (4) that STIC has waived its right to deny coverage to Insureds; and (5) that STIC is required to take other action as required under the Policy.

DM1\3696255.1

## AS FOR ITS SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT, METLIFE BANK AND FREDDIE MAC ALLEGE AS FOLLOWS:

49.     Insureds incorporate by reference the allegations above as though more fully set forth herein at length.

50.     STIC has breached its contractual obligations to Insureds as alleged herein, including those set forth in the Policy, by its failure to acknowledge, accept or undertake fully its obligations to eliminate the encumbrance on Insureds' mortgage lien, to pay and determine Insureds' loss suffered as a result of its non-marketable title, and to undertake an appropriate investigation regarding the facts giving rise to Insureds' claim.

51.     As a direct and proximate result of STIC's breach of contract, which are continuing at least to the date of this Complaint, STIC has deprived Insureds of the benefits of insurance coverage for which STIC was paid a premium.

52.     Chase has complied with and fully performed all applicable terms, and conditions under the Policy.

53.     In the alternative, the performance of or compliance with such duties, terms and conditions has been waived or excused by the conduct of STIC.

54.     As a direct and proximate result of STIC's breach of contract, Insureds' have sustained damages recoverable against STIC for an amount equal to the outstanding balance of the loan, plus attorneys' fees and costs of the suit.

### PRAYER FOR RELIEF

WHEREFORE, Insureds pray for judgment as follows:

A.     On the First Cause of Action, for an order declaring: (1) ) that Insureds' loss is covered under the Policy; (2) that Insureds are entitled to reimbursement for all attorney's fees and costs relating to the defense, investigation, and prosecution of the present case, and those

DM1\3696255.1

matters related to this litigation and claims; (3) that STIC is required to remove any defects on Insureds' title interest, cure the claims of unmarketable title, and to otherwise establish Insureds' position as a first priority lien holder on the Subject Property; (4) that STIC has waived its right to deny coverage to Insureds; and (5) that STIC is required to take other action as required under the Policy.

   B.  On the Second Cause of Action,  entering judgment in favor of Insureds and against STIC for breach of contract in an amount equal to the outstanding balance of the Mortgage;

   C.  As to each Cause of Action, awarding Insureds their attorneys' fees and costs relating to the defense, investigation, and prosecution of the present case, and those matters related to this litigation and claims;

   D  As to each Cause of Action, awarding Insureds interest for all amounts awarded;

   E.  As to each Cause of Action, such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **DUANE MORRIS LLP**
        1540 Broadway
        New York, NY 10036
        (973) 424-2000 (telephone)

        By: */s/ Brett L. Messinger*
          Brett L. Messinger
          blmessinger@duanemorris.com
          Daniel Ginzburg
          DGinzburg@duanemorris.com

Dated: February 1, 2013     Attorneys for Defendants MetLife Home
        Loans, a division of MetLife Bank, N.A.,
        Federal Home Loan Mortgage Corporation and
        Mortgage Electronic Registration Systems, Inc.